United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60993
Summary Calendar

RESHMA NOORJIBHAI MOMIN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 421 318
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reshma Noorjibhai Momin petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny her application for asylum and withholding of removal under both the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). Momin argues that the BIA erred in determining that she had not established past persecution based on her religious affiliation, a well-founded fear of future persecution, or that it was more likely than not that she would be tortured if she were returned to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

India.  She contends that she established her eligibility for asylum and withholding of removal under both the INA and the CAT by adducing evidence concerning conditions Muslims face in India and with her testimony concerning difficulties faced by her friends and family in India.

We will uphold the BIA's factual findings that Momin is not eligible for asylum or withholding of removal if those findings are supported by substantial evidence.  See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994).  The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

The record evidence in the instant case shows that Momin suffered no past persecution due to her faith, as no actual harm befell her in India.  The record evidence also fails to establish a reasonable fear of future persecution based on her religion, as she failed to submit evidence giving "specific, detailed facts showing a good reason to fear that she will be singled out for persecution."  See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).  Her evidence established only that general conditions in India are harsh and that her relatives were forced into giving monetary support to the ruling political party.  These facts are insufficient to establish that one should receive asylum or withholding of removal.  See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992); Eduard v. Ashcroft, 379 F.3d 182, 190 (5th Cir.

2004).  The BIA's decision is supported by substantial evidence, and the record does not compel a contrary conclusion as to either Momin's INA claims or her CAT claim.  Accordingly, Momin's petition for review is DENIED.